

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

New York
Regional Office

July 21, 2021

<u>By ECF</u>

Hon. J. Paul Oetken
United States District Judge
United States District Court
  for the Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>SEC v. Govil</u>, 21 Civ. 6150 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

    Plaintiff Securities and Exchange Commission (the "Commission") respectfully seeks approval of the proposed partial consent judgment (the "Proposed Judgment") against defendant Aron Govil ("Govil"). The Commission filed the Proposed Judgment and Govil's written consent to its entry earlier today. (Dkt. No. 5.) If entered, the Proposed Judgment would implement the terms of a bifurcated settlement between the parties that would resolve all the Commission's claims for relief, except monetary relief based on Count I of the Complaint.

    The Proposed Judgment is fair and reasonable and, with respect to the proposed injunctive relief, in the public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (setting out standard for reviewing proposed consent judgments in government enforcement actions). Among other things, the Proposed Judgment would (1) permanently enjoin Govil from committing further violations of the antifraud provisions of the federal securities laws the Commission's Complaint alleges he violated; (2) order Govil to pay disgorgement and prejudgment interest thereon to satisfy the Commission's claims for monetary relief under Counts II, III, and IV of the Complaint; (3) permanently bar Govil from serving as an officer and director; and (4) permanently enjoin Govil from participating in any offering of a penny stock. The injunctive relief is fair, reasonable, and in the public interest because it is tailored to protect against future violations, like those alleged in the Complaint, which involved both Govil's abuse of his position as an officer and director and a penny stock offering. The proposed monetary relief is similarly fair and reasonable. The proposed disgorgement amount of $626,782 is a reasonable estimate of Govil's net profits from the illegal trading alleged in Counts II and III. The proposed civil penalty amount of $620,000 does not exceed the defendant's gross pecuniary gain, 15 U.S.C. § 78u(d)(3); 15 U.S.C. § 77t(d), which is no less than $626,782 for Counts II and III.

    The Proposed Judgment also provides that the remaining open issues—the disgorgement, prejudgment interest, and civil penalty for Count I—shall be determined by the Court upon the

Hon. J. Paul Oetken
July 21, 2021
Page 2

Commission's motion. The Proposed Judgment further provides, for purposes of such a motion, that the Court "shall" accept and deem true the Complaint's allegations and that Govil is precluded from arguing he did not violate the federal securities laws as alleged in the Complaint. The Proposed Judgment also permits the parties to take discovery for purposes of the motion.

   For the reasons set forth above, the Court should approve the Proposed Judgment. If the Court does so, the Commission respectfully requests that the Court docket the executed Judgment with the consent attached.

                Respectfully submitted,

                /s/ *Philip A. Fortino*

                Philip A. Fortino
                Senior Counsel
                (212) 336-1014
                FortinoP@sec.gov

Enclosures

cc: All counsel of record (by ECF)
   Joseph Dever, Esq. (via email)