UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br>    v.<br>ARON GOVIL,<br><br>                             Defendant. | Case No. 21-cv-6150 (JPO)<br><br>**CONFIDENTIALITY STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF <u>DISCOVERY MATERIAL</u>** |

       Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 502(d), the parties to the above-captioned action (each a "Party," and collectively the "Parties") hereby stipulate to the terms of this Confidentiality Stipulation and Protective Order (the "Protective Order") for the purpose of ensuring that information and materials produced by all Parties remain confidential, where necessary:

       1.     "Confidential Information" includes all non-public confidential financial, commercial, proprietary or personal information that is contained or disclosed in any materials produced by any Party during discovery and/or in testimony, as well as in any pleading, document, deposition, affidavit, brief, motion, transcript, or other writing.

       2.     "Producing Party" means any Party who produces Confidential Information to any other Party in connection with the litigation.

       3.     "Receiving Party" means any party who receives Confidential Information in connection with the litigation.

       4.     A Producing Party may designate any of its own documents that it produces or that any other party to the litigation produces, or any discovery responses, deposition

testimony or other information taken, given, or exchanged in the course of pretrial discovery in this action as "Confidential" when the Producing Party believes in good faith that such material constitutes or reveals Confidential Information as described in paragraph 1.

5. A Producing Party shall designate Confidential Information by placing a "Confidential" stamp in a prominent position on each page of the document deemed to be "Confidential," or upon the disk, tape or other information storage device containing such information. A "Confidential" designation may also be made by written notification to counsel for each Party to this action, and documents and/or information so designated shall be deemed to be Confidential Information as of the receipt of such notice.

6. Counsel for any Party may designate all or a portion of the testimony of a deponent as Confidential Information by making a statement on the record while the deposition is being taken. Alternatively, the transcript of the deposition may be designated as containing Confidential Information by notifying the opposition party in writing, within twenty (20) calendar days of receipt of the transcript, of the specific pages and lines of the transcripts that contain Confidential Information, before which the entire transcript is to be treated as containing Confidential Information.

7. Extracts and summaries of Confidential Information shall also be treated as Confidential Information, as applicable, in accordance with the provisions of this Protective Order.

8. Without the need for designation as provided in Paragraphs 4 and 5, above, any document or information exchanged in connection with the litigation shall be deemed Confidential Information to the extent that any portion thereof contains, with respect to third parties, any personal identifying information ("PII"), including an individual's social security

number, tax identification number or tax return, home address or home telephone number, date of birth, medical information, financial account number, brokerage account number, or passwords.

9. Except with the prior written consent of the Producing Party, Confidential Information shall not be disclosed to any person other than:

    A. the Parties;

    B. the Court and Court personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional court reporters engaged to transcribe testimony in this litigation, and the trier of fact;

    C. the officers, directors, employees, agents, and paid consultants of the Parties necessary to assist counsel in the preparation of this proceeding;

    D. inside and outside counsel for the Parties, together with their legal associates, paralegals, and clerical and other support staff or services, as well as outside litigation support services;

    E. witnesses and prospective witnesses in connection with this litigation;

    F. experts retained or consulted by the Parties;

    G. any other individuals to the extent agreed upon by the Producing and Receiving Parties; and

    H. other persons as ordered by the Court.

10. Every person given access to Confidential Information shall be advised that such information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed by any person other than pursuant to the terms hereof. All

persons specified in subsections (F), (G), and (H) of paragraph 9 above to whom a Party provides access to Confidential Information shall execute a copy of the certification attached as Exhibit A hereto before such access is provided and shall be advised that he or she will be subject to this Protective Order.

11. Any PII (e.g. social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals listed in Paragraph 9 above in a secure manner.  The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the Party who received the PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

12. Notwithstanding anything else herein, if a receipt of Confidential Information is compelled by legal process (whether by deposition, interrogatory, request for documents, subpoena, civil investigation, demand, or similar process) to disclose any Confidential Information, that recipient, unless requested not to do so by a competent judicial or governmental entity, shall notify the Producing Party in writing of such requirement as soon as reasonably practicable, but no later than three (3) business days after service of such legal process, so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions hereof.

13. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

14. The Parties or their counsel shall make a good faith effort to resolve any disputes regarding the scope of Confidential Information, and in the absence of a resolution, the challenging Party may seek resolution by the Court. If Confidential designations are disputed by the Receiving Party, the Receiving Party shall notify the Producing Party of its objections, in writing, and the sides shall promptly meet and confer. If the sides are unable to resolve their dispute, the Receiving Party may file a motion with the Court challenging the designations within fourteen (14) days following the meet and confer.

15. Nothing in this Protective Order shall prevent any Party from using or disclosing its own Confidential Information.

16. Inadvertent, unintentional, or in camera disclosure or production of Confidential Information prior to its designation as such in accordance with this Protective Order shall not be deemed a waiver, in whole or in part, of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

17. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall (i) operate as an admission by any Party that any particular document or information is, or is not, confidential; (ii) prejudice in any way the right of any Party to seek a determination of whether or not particular information should or may be disclosed, or, if disclosed, whether it should remain subject to the terms of this Protective Order; or (iii) operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

18. Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity from disclosure shall not operate as a waiver in whole or in part of the privilege, work-product or other applicable immunity.  If a Producing Party becomes aware that it has inadvertently produced such information, the Producing Party shall promptly notify each Receiving Party in writing of the inadvertent production.  When a Receiving Party receives notice of such inadvertent production, the Receiving Party shall return and/or destroy all copies of inadvertently produced material within ten (10) business days and, in the case of destruction of inadvertently produced material, certify that fact to the Producing Party if requested to do so.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or any other applicable privilege designation.  In that instance, the Receiving Party shall, within fifteen (15) business days from the initial notice of the claim of privilege or immunity, seek an Order from the Court compelling the production of the material.  If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed material shall be returned in accordance with this paragraph.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials in connection with its request to compel the production of the material.  If a Receiving Party becomes aware that it is in receipt of material that it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to (i)

stop reading such material, (ii) notify Counsel for the Producing Party of such material, (iii) collect all copies of such material, (iv) return to the Producing Party and/or destroy such material (and, in the case of destruction, certify that fact to the Producing Party if requested to do so), and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19. If a Party produces two or more identical copies of discovery material, and any copy is designated as Confidential Information, while other copies are not so designated, all such identical discovery material shall be treated as Confidential Information to the extent that a Receiving Party becomes aware that such identical documents are designated differently. Any Party identifying such inconsistent designations shall notify the Producing Party of the inconsistency, and the Producing Party shall notify the Parties of the existence and Bates numbers or other identifying information of the non-designated or improperly designated copies and as to whether the documents are to be treated as Confidential Information. Initially non-designated documents, or initially improperly designated documents, subject to subsequent designation as described above, shall be returned to counsel for the Producing Party by any Parties that, pursuant to the terms of this Protective Order, no longer have a right to possess the documents.

20. Except as otherwise set forth herein, this Protective Order shall not be construed to apply to documents, information, and testimony that: (i) was, is, or becomes publicly available, other than through a breach of this Protective Order; (ii) was, or is, lawfully obtained by a Party independently of the discovery proceedings in this litigation; or (iii) was lawfully possessed by a Party prior to the execution of this Protective Order. For purposes of this Protective Order, documents and information produced by a Party to law enforcement,

public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities.  Nothing contained herein shall be construed to abrogate any confidentiality protection to which a Party would otherwise be entitled with regard to documents that were previously produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

21. This Order shall not limit Plaintiff Securities and Exchange Commission ("Commission") from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws and regulations, including as delineated in the Commission's Form 1662 (available here: https://www.sec.gov/files/sec1662.pdf) ("Form 1662).

22. Notices required pursuant to this Protective Order shall be made to any counsel of record for a Party subject to discovery in this action via electronic mail or overnight delivery service and shall be deemed effective when received.

23. At the conclusion of all proceedings in the above-captioned matter, whether the action be settled, otherwise resolved in full prior to hearing, or tried on the merits, and including any appeal from a determination resolving the action, all documents containing Confidential Information, and all copies thereof, shall be promptly returned to the Producing Party (and in no event later than forty-five (45) days after entry of final judgment), or destroyed, at the Producing Party's election, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and the Commission shall retain any documents or information in its possession in accordance with its governmental recordkeeping obligations or to carry out any permitted uses under Commission Form 1662.

24. Each person to whom Confidential Information is disclosed under the terms of this Protective Order consents to jurisdiction of the Court to enforce its terms, including the Court's power to hold such person liable for sanctions or in contempt of court for violating its terms.

25. The foregoing is without prejudice to the right of any party (i) to apply to the Court for any further Protective Order relating to Confidential Information; (ii) to object to the production of Confidential Information; (iii) to apply to the Court for an order compelling production of Confidential Information, or for modification of this Protective Order; or (iv) to seek any other relief from the Court.

26. The restrictions imposed by this Protective Order may be modified or terminated only by agreement of the parties or further order of the Court.

27. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings herein.

28. This Protective Order may be executed in several counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

**Dated:**  June 20, 2024

**SO ORDERED:**

_____
J. PAUL OETKEN
United States District Judge

9

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated:        June 17, 2024
              New York, NY


By: /s/ Derrelle M. Janey                          By: /s/ David Zetlin-Jones
      Derrelle M. Janey                                  David Zetlin-Jones

The Janey Law Firm, P.C.                           Securities and Exchange Commission
111 Broadway, Suite 701                            100 Pearl Street, Ste 20-100
New York, NY 10006                                 New York, NY 10281
T: (646) 289-5276                                  T: (212) 336-0978
djaney@thejaneylawfirm.com                         zetlinjonesj@sec.gov
*Attorney for Defendant*                           *Attorney for Plaintiff*
*Aron Govil*                                       *Securities and Exchange Commission*

# EXHIBIT A
# TO PROTECTIVE ORDER

### CERTIFICATION

I, _____
                        (name of person)

_____
                        (address and phone number)

hereby certify that I have read the Confidentiality Stipulation and Protective Order Governing the Production and Exchange of Discovery Material (the "Protective Order") filed on June __, 2024 in the case captioned *Securities and Exchange Commission v. Govil,* Case No. 21-cv-6150 (JPO).  I hereby agree to be bound by the terms of the Protective Order.

For purposes of enforcing the Protective Order, I consent to the jurisdiction of the United States District Court for the Southern District of New York.

Dated: _____

                                                                   _____
                                                                                     (name)

                                                                  _____
                                                                                  (signature)