UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

            -v-

ARON GOVIL,

                          Defendant.

21-CV-6150 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

This matter came before the Court upon the joint motion of the parties pursuant to Federal Rule of Civil Procedure 62.1 asking the Court to indicate its willingness to accept a limited remand from the Court of Appeals and proceed to direct the entry an Amended Final Judgment, in the form appended hereto, that imposes a civil monetary penalty of $621,549 upon Defendant Aron Govil, in addition to the relief awarded under the Final Judgment entered on January 22, 2026.  (ECF No. 66.)

Having considered the parties' motion and the entire record, the Court is of the opinion, and so finds, that if the case is remanded to it by the Court of Appeals for the Second Circuit, it will grant the relief requested.

**IT IS THEREFORE ORDERED** that if this case is remanded to the District Court by the Court of Appeals, this Court will grant the parties' joint motion pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and proceed to direct the entry of an Amended Final Judgment in the form appended hereto.

            SO ORDERED.

Dated: February 19, 2026
       New York, New York

                                   _____
                                   J. PAUL OETKEN
                                   United States District Judge

Case 1:21-cv-06150-JPO   Document 70   Filed 02/19/26   Page 2 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARON GOVIL,

Defendant.

21-CV-6150 (JPO)

---

**AMENDED FINAL JUDGMENT**

Per the Court's Indicative Ruling upon joint motion of the parties, entered on _____,
2026 (ECF No. \_\_); the Opinion and Order entered on January 20, 2026 (ECF No. 65) and the
Judgment as to Defendant Aron Govil ("Defendant") entered on July 28, 2021 (ECF No. 7) which
are adopted and incorporated herein, but are effective as of the date of their original entries; Final
Judgment is hereby entered against Defendant as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for
disgorgement of $6,670,977, prejudgment interest thereon of $3,037,615.59 and a civil penalty in
the amount of $621,549.  Defendant shall satisfy this obligation by paying $10,330,141.59 to the
Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide
detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly
from a bank account via Pay.gov through the SEC website at

1

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Aron Govil as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30

days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the terms, conditions, relief, and remedies set forth in the Judgment on July 28, 2021 (ECF No. 7) shall

3

remain in full force and effect *nunc pro tunc*.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2026

_____
UNITED STATES DISTRICT JUDGE

4